DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, John K. Reed, was indicted for burglary, a violation of R.C. 2911.12(A)(2) and (C), and a felony of the second degree. He was found guilty in the Lucas County Court of Common Pleas after a jury trial and was sentenced to six years incarceration. From that judgment of conviction, appellant timely appeals and sets forth one assignment of error for review:
 {¶ 2} "The trial court errored [sic] when it failed to notify the defendant-appellant prior to trial commencing that he would be subject to a mandatory period of post-release *Page 2 
control pursuant to R.C. 2967.28(B) if convicted of the charge in the indictment, rendering appellant's rejection of the state's offer to plea to a felony of the fourth degree unknowing and unintelligent [sic]."
 {¶ 3} Appellant points to a colloquy the trial judge held with appellant prior to the commencement of trial. The trial judge informed appellant that the state had offered to allow him to enter a plea of guilty to "a felony of the fourth degree," which exposed appellant to a maximum term of 18 months incarceration, versus the 96 months term of incarceration he would face if convicted at trial. Appellant stated his attorney had so advised him, stated his awareness of the difference in the potential terms of incarceration for each choice, and insisted on proceeding to a jury trial.
 {¶ 4} Appellant acknowledges that the trial judge was under no statutory obligation to inform appellant of the consequences of his plea choice on post-release control. He argues, however, that because the trial judge voluntarily undertook the responsibility of informing him of the consequences of his "not guilty" plea, the trial judge was further burdened with meeting the procedural requirements of Crim.R. 11(C). Appellant argues that his plea of "not guilty" was not knowing and intelligent because the trial judge failed to inform him of post-release control.
 {¶ 5} A criminal defendant who enters a plea of not guilty cannot avail himself of the protections of Crim.R. 11(C). The rule obligates a trial judge, upon a plea of guilty or no contest, to address the defendant personally and hold a colloquy to ascertain that the plea is entered voluntarily and with awareness of the maximum penalty including *Page 3 
community control sanctions. A trial judge is under no such obligation when a defendant enters a plea of not guilty. Appellant cites no statute, rule, or case directly in support of his argument.
 {¶ 6} During the pre-trial exchange between appellant and the trial judge, appellant acknowledged the difference between the possible terms of incarceration for each charge and he explicitly rejected the plea offer. Appellant openly insisted on risking the possibility of an additional 78 months incarceration and preserved his right to a jury trial. Even if the trial judge had informed appellant of post-release control issues, there is no reason to believe that appellant would have decided any differently.
 {¶ 7} Appellant's assignment of error is not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1